# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 CR 95-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ELIJAH ANTWON HOPE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is a Violation Report [# 86] filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release. On January 18, 2018, the Court held a bond revocation hearing. Defendant was present with his counsel, Jason Randolph Hayes, and the Government was present through AUSA Richard Lee Edwards. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant admitted the allegations contained in the Violation Report [# 86]. The Government then presented testimony through United States Probation Officer Artie Swinton.

The Defendant was charged in a bill of indictment filed on August 1, 2017, with: four counts of destruction of an automobile, in violation of 18 U.S.C. §§ 1363,

2; and four counts of stealing personal property, in violation of 18 U.S.C. §§ 661, 2;

On August 25, 2017, the Court held a detention hearing. Defendant was ordered to be released on a $25,000 unsecured bond with pretrial supervision. The Court released Defendant on terms and conditions of pretrial release [# 38] which included the following:

> (1) The defendant must not violate any federal, state or local law while on release;
>
> (8)(p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner.

On December 11, 2017, the Government filed its violation report stating that Defendant had used marijuana and cocaine [# 86]. On December 21, 2017, Defendant and the Government entered into a plea agreement. Defendant was originally scheduled for his plea hearing on January 5, 2018. The Court granted Defendant's motion to continue the plea hearing to January 10, 2018. On January 10, 2018, Defendant failed to appear and the Court issued a bench warrant [# 99]. On January 11, 2018, Defendant was arrested. On January 12, 2018, the Court accepted Defendant's plea of guilty to count six of the indictment [# 102]. Defendant has remained in custody since his arrest and the Court will now revoke his pretrial release.

Defendant admitted to the drug use allegation in the Violation Report [# 86]. According to the report, on November 29, 2017, Defendant submitted a urine sample

to probation for testing. The sample tested positive for marijuana and cocaine. On December 5, 2017, Defendant signed an admission form stating that he had used drugs during the 2017 Thanksgiving holiday. Defendant stated that he was unaware that there was cocaine in the marijuana he smoked [# 86].

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the Court finds there is probable cause to believe that Defendant has committed a federal and state crime while on release. The possession and consumption of marijuana is a misdemeanor under federal law, 21 U.S.C. § 844 and is a felony under state law, N.C.G.S. § 90-95(a)(3). Due to the

3

fact there is probable cause to believe that Defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148 that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that Defendant violated the condition of release that ordered him to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a license medical practitioner. Defendant has clearly violated this condition by using marijuana and cocaine—drugs that were not prescribed by a licensed medical practitioner.

Due to the findings and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the Court that, based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result of the findings, the Court has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond [# 37] and terms and conditions of pretrial release [# 38] entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant shall be detained pending further proceedings in this matter.

The Court will, however, consider a motion for a hearing on reconsidering Defendant's pretrial release at least forty (40) days from Defendant's arrest. Thus, if appropriate, Defendant may move for a hearing after February 20, 2018.

Signed: January 19, 2018

Dennis L. Howell
United States Magistrate Judge